State v. Lasater.

THE STATE v. J. M. LASATER.

1. CRIMINAL LAW. *Keepers of hotels. Rights.* The 2d section of the act of 1875, ch. 130, which gives a right of action to the keeper of any hotel, theater, public house, restaurant or common carrier, against any person guilty of turbulent or riotous conduct, within or about the same, etc., does not violate Sec. 17, Art. II. of the Constitution, forbidding the passage of an act embracing more than one subject; nor is it in violation of the 16th section of the Bill of Rights, forbidding excessive fines and punishment.

2. CONSTITUTION, Art. II, Sec. 18. *Per Curiam.* "The evil intended to be remedied by this provision, is to prevent laws upon one subject being tacked on to a bill upon a wholly different subject, and in this way, sometimes elude the attention of the Legislature, and pass without sufficient consideration."

FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRA-ZIER, Judge.

ATTORNEY-GENERAL for the State.

———— ———— for defendant.

McFARLAND, J., delivered the opinion of the court.

This indictment was quashed by the Criminal Court and the attorney-general has appealed. It is predicated upon the 2d section of the act of 1875, ch. 130. The first section in substance abrogates the common law giving a right of action to any person excluded from any hotel or public means of transportation or place of amusement, and gives to the proprietors of

such hotels, places of amusement or means of transportation, the right or option to admit or reject any person they may choose, for any cause, giving the same right of control as the owner has over his private residence or private carriage.

The 2d section is as follows: "That a right of action is hereby given to any keeper of any hotel, inn, theater or public house, common carrier and restaurant, against any person guilty of turbulent or riotous conduct within or about the same, and any person found guilty of so doing may be indicted and fined not less than one hundred dollars, and the offender shall be liable to a forfeiture of five hundred dollars, and the owner or person so offended against may sue in his own name for the same."

This is an extraordinary statute. It is generally understood to have been passed to avoid the supposed effects of an act of Congress on the same subject, known as the civil rights bill. And it is left now to the court to determine whether there be any valid constitutional objection to it. 1st. Does it violate Sec. 17, Art. 2: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title." We have stated the substance of the entire act. The title is "an act to define the rights, duties and liabilities of inn keepers, common carriers and proprietors of places of public amusement." Does the bill embrace more than one subject? Is that subject expressed in the title? And if the second section be also on the same subject, it may also be regarded as expressed in the title.

So that the question is this: Is the second section, or that part of it making it an indictable offense for any person to be guilty of turbulent or riotous conduct within or about a hotel, theater, etc., legislative upon the same subject embraced in the first section, or is it legislative upon a different subject? The evil intended to be remedied was to prevent laws upon one subject being *tacked* on to a bill upon a wholly different subject, and in this way sometimes elude the attention of the Legislature and pass without sufficient consideration, and when passed often remain for some time undiscovered, by reason that the title of the act fails to call attention to it. This provision of the Constitution is a salutary one, and should be rigidly enforced according to its true spirit and intent, but not so as to embarrass the necessary legislation. Legislation upon different subjects, and upon subjects not indicated in the title of the act are forbidden, but it was not intended that every provision or feature of the law should constitute a different subject so as to make it necessary to pass separate acts in regard to each; nor was it intended that the title should express fully everything contained in the act.

Here, the subject is the rights, duties and liabilities of inn-keepers, common *carriers* and proprietors of places of public amusement, etc. Now, a provision that no turbulent or riotous conduct shall be allowed in such places and providing for the punishment of the offenders, we think, is not legislation on a different subject. Looking to the evil to be remedied and bearing in mind that there must be a clear violation

of the Constitution before we can declare an act void, we hold that this act is not void on this ground.

The circuit judge was of opinion that the act violates the 16th section of the bill of rights, which declares, "That excessive bail shall not be required, nor excessive fine imposed, nor cruel and unusual punishment inflicted." At what point courts could interpose their opinion as to the degree of punishment proper to be inflicted, and overrule the action of the Legislature in upholding this provision of the Constitution, would be a difficult and delicate question. Whether the courts have the power to annul the acts of the Legislature on this ground, or whether the provision is simply directed to the Legislature to govern them in the passage of laws, and to the courts in inflicting punishment in cases where the punishment is within the discretion of the courts, we need not now determine. We are aware of no construction of this clause by our courts. But we hold, that in any event the punishment prescribed, although severe, more so than in other kindred offenses, is not so cruel and unusual as to authorize the courts to declare the act void, even if we could do so in any case.

The next objection . is, that the indictment does not charge the offense defined in the statute. The charge is, that "James M. Lasater was, on the 18th of October, 1876, in Coffee county, etc., guilty of turbulent and riotous conduct within and about a hotel in the town of Manchester, kept by one Joel Stower, by then and there quarrelling, committing assaults and

batteries, breaches of the peace, loud noise and trespass upon said hotel." It is argued that it was the intention of this act to protect hotel-keepers and others from a combination of several parties to force themselves into such hotels, etc., against the will of the proprietors. This was probably the object had in view, but the offense is defined in the indictment with more particularity than in the act. The nature of the turbulent and riotous conduct prohibited is not defined in the act. It is argued that "riotous conduct" has reference to riot at the common law, and therefore cannot be committed by one person; but the language is a right of action given against any person guilty of turbulent or riotous conduct, and any person found guilty, etc.

We know of no technical definition of "turbulent conduct" that renders it impossible for one man to be guilty of turbulent conduct, and if the argument be sound as to riotous conduct, the terms turbulent or riotous conduct is used in the alternative, and a charge of either would be sufficient.

We conclude, that while this act seems severe as to the ordinary cases which may be embraced in its provisions, that it is not our province to abrogate it, and that the indictment charges the offense defined in the statute with reasonable certainty.

The judgment quashing the indictment must be reversed and the cause remanded.